CITIES: ZONING: City may extend subdivision regulations and building code enforcement, but not zoning controls, two miles beyond city limits where county zoning regulations are in effect. Minn. Stat. §§ 16B.62, 16B.72, 462.357, 462.358 (1994).

59a-32
(Cr. Ref. 59a-9, 125a-66)

August 18, 1995

John Wenker
Assistant County Attorney
Mille Lacs County Courthouse
635 2nd Street SE
Milaca, MN 56353

Steven Anderson
City Attorney, City of Milaca
Arnold, Anderson, & Dove
501 South Fourth Street
Princeton, MN 55371

Dear Messrs. Wenker and Anderson:

In your joint letter to the Office of the Attorney General, you set forth the following:

## FACTS

In 1972, Mille Lacs County adopted a Development Cod, which included a zoning ordinance. In 1978, the City of Milaca adopted a subdivision ordinance which was extended to include the two mile radius of unincorporated area extending around the city limits, pursuant to Minn. Stat. § 462.358, subd. 1a. The Mille Lacs County zoning ordinance zones this two mile radius as an Agricultural Preservation District which requires a 300 foot minimum lot width. The City of Milaca's zoning ordinance allows for a lot width of less than 300 feet.

Mille Lacs County has not adopted the state building code, but does issue land use permits before permitting construction. The City of Milaca has adopted the state building code.

A situation has arisen where a developer wants to subdivide land within the two mile radius of Milaca's city limits. The proposed lots would be less than the 300 foot minimum required by Mille Lacs County's zoning ordinance, but would meet the requirements of the City of Milaca's subdivision and zoning ordinances.

You then ask substantially the following questions:

## QUESTION ONE

In the two-mile zone, does Mille Lacs County's or the City of Milaca's zoning ordinance control in the subdivided area?

## OPINION

In our opinion, while the city's subdivision regulation and plat-approval authority control subdivision approval in the area at issue, it is the county's zoning controls which apply.

A.   Subdivision Regulations

Milaca extended its subdivision ordinance pursuant to Minn. Stat. § 462.358, subd. 1a (1994) which provides:

> A municipality may by resolution extend the application of its subdivision regulations to unincorporated territory located within two miles of its limits in any direction but not in a town which has adopted subdivision regulations . . .

(Emphasis added)

Subdivision 1a gives a city the authority to extend subdivision regulations into an unincorporated territory not covered by town regulations, even though it may already be covered by county subdivision regulations. Minn. Stat. § 462.358 does not require a city to defer to the county ordinance if the county and city subdivision ordinances conflict. This office has previously opined that where a city has exercised subdivision control pursuant to Minn. Stat. § 462.358, county subdivision regulations otherwise operative in the two mile radius are superseded by city regulations. Op. Atty. Gen. 59a-32, Dec. 1, 1972.

Subdivision regulations adopted pursuant to Minn. Stat. § 462.358, subd. 1a may establish standards, requirements, and procedures for the review and approval or disapproval of subdivisions. Minn. Stat. § 462.358, subd. 3b provides that subdivision regulations must include preliminary and final review of subdivision applications provisions, and the coordination of such review is to occur with affected political subdivisions. Therefore, the subdivision ordinance adopted by Milaca must have a provision whereby applications for review of proposed subdivisions in the two mile radius will be coordinated with the county, which is a political subdivision. However, this requirement of coordination between the city

and the county does not mean that any agreement needs to be reached concerning such application.

The county may enforce subdivision controls within the two mile zone only if the city chooses not to, and there are no applicable town subdivision regulations. Op. Atty. Gen. 59a-32, Nov. 4, 1977. Inasmuch as your letter makes no mention of town subdivision regulations, we assume that there are none. Thus, the city's subdivision regulations would control the area to the exclusion of the county's subdivision regulation.

B. Zoning

Notwithstanding the city's authority over subdivision regulations, it is our view that Mille Lacs County's zoning ordinance applies within the two mile zone of unincorporated territory, including areas already subdivided. Minn. Stat. § 462.357 (1994) provides that:

> A city may by ordinance extend the application of its zoning regulations to unincorporated territory located within two miles of its limits in any direction, but not in a county or town which has adopted zoning regulations . . .

(Emphasis added).

This provision differs from its counterpart relating to subdivisions in Minn. Stat. § 462.358 quoted above, which provides that subdivision ordinances may not be extended in any town with subdivision ordinances. The extension language relating to subdivision regulations was part of Minn. Stat. § 462.358 as enacted in 1965. Minn. Stat. § 462.357 was also enacted in 1965, however, the provision permitting zoning regulations to be extended was added in a 1969 amendment. See Act of May 22, 1965, ch. 670, §§ 7-8, 1965 Minn. Laws 1000-1003; Act of April 30, 1969, ch. 259, § 1, 1969 Minn. Laws 402. That amendment expressly precluded extension or enforcement of city zoning regulations in unincorporated areas covered by town or county zoning. The same limitation exists presently.

Municipal authority to enact and enforce zoning ordinances is limited to the power granted by the legislature. Costley v. Caromin House, Inc., 313 N.W.2d 21, 27 (Minn. 1981). A municipality is not allowed to exceed the limitations imposed on it by the enabling legislation. Id. at 27. Since the enabling legislation at issue here expressly provides that a municipality may extend its zoning ordinance into the two miles of unincorporated territory only if neither the county nor town has not adopted zoning regulations, it seems clear that the Mille Lacs County zoning ordinance controls in the entire area surrounding Milaca, including the subdivided areas. However, the Milaca subdivision ordinance also controls in the two-mile area. This means that, in order for a developer to subdivide and develop land in the two mile region, the developer must seek approval from both the zoning authority of the county and the platting authority of the city.

While this result may seem less than satisfactory to developers and local governments alike, it is nonetheless required by the plain wording of the statutes. The legislature has, however, provided an available solution for the potential problems posed by divided land use and development control in the two miles surrounding the city. Minn. Stat. § 462.3585 (1994) provides for the creation of a joint board to exercise planning and land use control authority in the two miles of unincorporated territory surrounding a municipality and to serve as the "governing body" and board of appeals and adjustments over the territory for land use control purposes.

## QUESTION TWO

If the answer to question one is that both zoning ordinances apply where they are not inconsistent, in situations where they are inconsistent do the more restrictive provisions of either the City or the County zoning ordinance control over the other's less restrictive provisions?

Messrs. Wenker and Anderson
Page 5
August 18, 1995

## OPINION

In light of our answer to Question One, no response to this question is required.

## QUESTION THREE

Does the City or County Building Code control in the subdivided areas of the two mile zone?

## OPINION

In our opinion, the City is authorized to extend enforcement of the State Building Code (Code) into the two mile zone.[1]   Absent such an extension, application of the Code in that area depends upon the status of the county's actions regarding the Code.   Commencing in 1977, all cities and counties were required to adopt and enforce the Code within their jurisdictions.   See Act of June 2, 1977, ch. 381, § 2, 1977 Minn Laws 846, 848; Op. Atty. Gen. 59a-9, February 14, 1979.   The 1977 law also provided that a city could extend its enforcement of the Code up to two miles from the city limits.   The operative language, now contained in Minn. Stat. § 16B.62 (1994) provides:

> A city may by ordinance extend the enforcement of the code to contiguous unincorporated territory not more than two miles distant from its corporate limits in any direction. . . . After the extension, the city may enforce the code in the designated area to the same extent as if the property were situated within its corporate limits.

Commencing in 1979, however, persons in certain areas of non metropolitan counties were permitted, by referendum, to reject application of the code in areas of the county "outside home rule charter or statutory cities or towns that adopted the building code prior to January 1, 1977. . . . " Act of May 31, 1979, ch. 287, § 2, 1979 Minn. Laws 626; 631.   See Minn. Stat. § 16B.72 (1994).[2]   Notwithstanding the referendum, however, a city which had not adopted

---

1.   We note that inasmuch as the State Building Code supersedes local codes, the question would appear to involve application of the State Building Code rather than differing municipal codes.

2.   The Code provision relating to handicapped persons and elevator safety, however, will continue to apply, notwithstanding the referendum results.   Minn. Stat. § 16B.72 (1994), Act of May 15, 1995, ch. 166, § 3 (1995) Minn. Laws _____. _____.

the code before January 1, 1977 was still permitted to adopt the code voluntarily "within its jurisdiction." Id.

We assume from your statement that Mille Lacs County "has not adopted" the code, reflects a negative result in a referendum held pursuant to that authority. Thus, pursuant to section 16B.72, the code would not generally apply outside any cities or towns which had adopted it prior to 1977 or voluntarily chose to adopt it subsequent to the referendum. Thus, it might be argued that, after such a referendum, cities may not extend code application into unincorporated territory.

However, section 16B.72 (1994) permits any municipality to choose to adopt and enforce the Code "within its jurisdiction." Inasmuch as section 16B.62, subd. 1 (1994) expressly allows a city to extend code enforcement two miles into unincorporated territory "to the same extent as if the property were . . . .within its corporate limits," the city can extend its building code "jurisdiction" beyond its corporate limits.

Consequently, it is our view that the city is authorized to extend code enforcement into the zone by ordinance. If the city has not done so, however, the code would not at present, be applicable in the zone, except for the provisions relating to handicapped persons and elevator safety.

## QUESTION FOUR

Which entity controls zoning and building permits within the two-mile zone in the unsubdivided areas?

## OPINION

As stated above. Mille Lacs County's zoning ordinance controls in the two mile zone of unincorporated territory. Therefore. the Mille Lacs County authority charged by ordinance with responsibility for approving permits related to zoning would be responsible for that

function in the two mile zone of unincorporated territory just as they were responsible for such functions before the city of Milaca extended its subdivision authority.

If the city has extended enforcement of the Code into the two mile zone, the city is responsible for the code-related permitting process. If not, then code-related permitting would not be in effect except for that related to handicapped persons and elevator safety. Administration of these provisions would, it appears, remain county responsibility.

We have confined our answer here to permits relating directly to local zoning or state building code enforcement. There are, of course, many other permit requirements which might apply to particular development and building projects. See, e.g., Minn. Stat. §§ 103D.345 (Watershed); 103G.221 (Wetlands); 32G.244 (Electrical Code).

Best regards,

HUBERT H. HUMPHREY III
Attorney General


KENNETH E. RASCHKE, JR.
Assistant Attorney General

(612) 297-1141


.ad4